UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 13-60976-ROSENBAUM-HUNT

SAMARI ROLLE,

    Plaintiff,

vs.

BRANCH BANKING AND TRUST COMPANY, as successor in interest to BankAtlantic, LLC,

    Defendant.

_____/

## NOTICE OF FILING DECLARATIONS

COME NOW non-parties, MIAMI PRO GROUP, LLC c/o Fred Taylor, MIAMI PRO GROUP II, LLC c/o Fred Taylor, MIAMI PRO GROUP MANAGEMENT, LLC c/o Fred Taylor and MIAMI PRO GROUP MANAGEMENT II, LLC c/o Fred Taylor, by and through their undersigned attorneys, and hereby gives notice that they have filed the following on the date noted below:

1. Declaration of Andrew Kagan dated January 16, 2014; and
2. Declaration of Fred Taylor dated January 16, 2014.

    Respectfully submitted,

    /s/ Ronald D. Edwards, Jr.
    **Matthew G. Brenner**
    Florida Bar No. 515681
    **Ronald D. Edwards, Jr.**
    Florida Bar No. 0053233
    Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
    215 North Eola Drive
    Post Office Box 2809
    Orlando, Florida 32802
    Telephone: (407) 843-4600

1

Fax No: (407) 843-4444
matt.brenner@lowndes-law.com
ronny.edwardsjr@lowndes-law.com
litcontrol@lowndes-law.com
tracy.kennison@lowndes-law.com
Attorneys for Plaintiffs

-AND-

**Elizabeth P. Kagan**
Florida Bar No. 330779
**Andrew T. Kagan**
Florida Bar No. 026291
Kagan Law Firm
8191 College Parkway, Suite 303
Fort Myers, Florida 33919
Telephone: (239) 466-1161
Fax No.: (239) 466-7226
Liz@kagan-law.com
Andrew@kagan-law.com
Attorneys for Plaintiffs

-AND-

**Laurence M. Landsman**
Illinois Bar No. 6202411
Block & Landsman
33 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
Telephone: (312) 251-1144
Fax No.: (312) 251-1147
larry@block-landsman.com
Not currently admitted to practice in Florida or in the Southern District of Florida
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed and served via CM/ECF to all Counsel of Record on the 21st day of January, 2014.

/s/ Ronald D. Edwards, Jr.
Ronald D. Edwards, Jr.

0046479\159201\1553356v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 13-60976-ROSENBAUM-HUNT

SAMARI ROLLE,

    Plaintiff,

vs.

BRANCH BANKING AND TRUST COMPANY, as successor in interest to BankAtlantic, LLC,

    Defendant.
_____/

## DECLARATION OF ANDREW T. KAGAN

I, ANDREW T. KAGAN, hereby declare as follows:

1. I am over the age of eighteen (18) and I make this Declaration based on my own personal knowledge.

2. I am a member in good standing of the Florida Bar.

3. I represent Fred Taylor in relation to his membership or affiliation with respect to certain entities.

4. Four subpoenas (the "Subpoenas") were served on Fred Taylor which sought documentation regarding items and information that at one point may have been in the possession of Miami Pro Group, LLC, Miami Pro Group II, LLC, Miami Pro Group Management, LLC and Miami Pro Group Management II, LLC, and Fred Taylor presented copies of those Subpoenas to me.

5. Fred Taylor is not the manager, is not a member, and to the best of my knowledge has never been a member of Miami Pro Group Management, LLC or Miami Pro Group Management II, LLC.

1

6. Fred Taylor was appointed as the manager of Miami Pro Group, LLC and Miami Pro Group II, LLC in or about December of 2011.

7. Upon receipt of the Subpoenas my office forwarded them to Robert C. Buschel, Esquire, who is counsel for Edward Rappaport ("Rappaport"), so that he could respond on behalf of all four entities.

8. Rappaport is the manager of Miami Pro Group Management, LLC and Miami Pro Group Management II, LLC, which entities are the former manager of Miami Pro Group, LLC and Miami Pro Group II, LLC respectively.

9. Moreover, Rappaport is the party who provided the information sought by way of the Subpoenas to each of Miami Pro Group, LLC, Miami Pro Group II, LLC, Miami Pro Group Management, LLC and Miami Pro Group Management II, LLC (and my law firm). Rappaport has the most knowledge of the items sought by way of the Subpoenas, and I believed he was in the best position to respond to the Subpoenas in light of the vast amount of information sought by way of the Subpoenas and the potential privileged or confidential information that may be contained within the information sought by way of the Subpoenas.

10. When Rappaport did not respond and BB&T filed the Motion to Compel production directed at Miami Pro Group, LLC, Miami Pro Group II, LLC, Miami Pro Group Management, LLC and Miami Pro Group Management II, LLC, it was my intention that a response would be filed on behalf of Miami Pro Group, LLC, Miami Pro Group II, LLC, Miami Pro Group Management, LLC and Miami Pro Group Management II, LLC. However, there was a miscommunication between myself and co-counsel regarding the filing of a response and as a result a response was only filed on behalf of my law firm.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge and belief.

Dated the 16 day of January, 2014.

_____
ANDREW T. KAGAN

0046479\159201\1548921v22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 13-60976-ROSENBAUM-HUNT

SAMARI ROLLE,

  Plaintiff,

vs.

BRANCH BANKING AND TRUST COMPANY, as successor in interest to BankAtlantic, LLC,

  Defendant.
_____/

### DECLARATION OF FRED TAYLOR

I, FRED TAYLOR, hereby declare as follows:

  1. I am over the age of eighteen (18) and I make this Declaration based on my own personal knowledge.

  2. I received four subpoenas (the "Subpoenas") which sought documentation regarding items and information that at one point may have been in the possession of Miami Pro Group, LLC, Miami Pro Group II, LLC, Miami Pro Group Management, LLC and Miami Pro Group Management II, LLC.

  3. It is my understanding that I appointed as the manager of Miami Pro Group, LLC and Miami Pro Group II, LLC in or about December of 2011.

  4. It is my understanding that I am not the manager of Miami Pro Group Management, LLC or Miami Pro Group Management II, LLC, so I was and am unsure as to why I received subpoenas directed to these entities.

  5. It is also my understanding that I have never had an ownership interest in Miami Pro Group Management, LLC or Miami Pro Group Management II, LLC.

6. I provided copies of the Subpoenas to my attorney, Andrew Kagan.

7. Andrew Kagan informed me that he would send the Subpoenas to Edward Rappaport ("Rappaport") so that he could respond on behalf of all four entities

8. Rappaport was or is associated with each of the entities who received one of the Subpoenas.

9. It is my understanding that Rappaport is the manager of Miami Pro Group Management, LLC or Miami Pro Group Management II, LLC.

10. It is also my understanding that Rappaport was the source of any of the items requested in the Subpoenas that may have ever been in the possession of Miami Pro Group, LLC, Miami Pro Group II, LLC, Miami Pro Group Management, LLC and Miami Pro Group Management II, LLC.

11. I did not review the computer belonging to Rappaport that is sought by way of the Subpoenas.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge and belief.

Dated the 16th day of January, 2014.

_____
FRED TAYLOR

0046479\159201\1552500v1